NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-4683, 08-4661
_____

UNITED STATES OF AMERICA

v.

EDWIN MOLINA, JR.
                    Appellant in No. 07-4683


___

_____

UNITED STATES OF AMERICA

v.

KEVIN T. ORTEGA,
                    Appellant in No. 08-4661


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 05-cr-00670-6 [Molina]
                    and 05-cr-00670-2 [Ortega] )
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
on March 26, 2010

Before:  RENDELL AND FUENTES, Circuit Judges,
and KUGLER,*  District Judge.

(Filed: March 31, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Kevin Ortega and Edwin Molina are co-defendants who pled guilty to conspiring to distribute cocaine base.  On appeal, Ortega challenges the District Court's denial of his motion to withdraw his guilty plea and Molina challenges the District Court's calculation of his sentencing guidelines.  In the middle of their trial, both Ortega and Molina entered into plea agreements with the government that contained identical appellate waivers.  The waivers bar all claims on appeal except those contending that (1) the defendant's sentence exceeds the statutory maximum; (2) the sentencing judge erroneously departed upward from the sentencing guidelines; or (3) the sentencing judge imposed an unreasonable sentence above the sentencing guideline range.  On appeal, neither defendant mentions,

_____

* Honorable Robert B. Kugler, Judge of the United States District Court for the District of New Jersey, sitting by designation.

2

let alone challenges, the waiver, nor do they explain how their challenges fall within an exception to the waiver.

Molina contests the District Court's calculation of his sentencing guideline range, specifically the Court's application of a 2-point enhancement for obstruction of justice. Molina's challenge is undoubtedly covered by the appellate waiver, as the waiver precludes appeals brought under 18 U.S.C. § 3742. *See United States v. Price*, 558 F.3d 270, 284 (3d Cir. 2009). Molina does not contend that the waiver was not knowing and voluntary, that enforcing the waiver would result in a miscarriage of justice, or that his challenge to the District Court's calculation of the guidelines falls under one of the three exceptions to the waiver. Molina's claim is thus unreviewable on appeal. We will enforce the waiver of appeal and AFFIRM Molina's sentence.

Ortega contends that the District Court abused its discretion in denying his motion to withdraw his guilty plea. He asserts that we have jurisdiction to hear this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. However, the appellate waiver in his plea agreement specifically states that he waives all rights to appeal or collaterally attack his conviction or sentence under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Like Molina, Ortega makes no argument as to why this waiver does not apply. Therefore, we also decline to reach the merits of Ortega's argument and will AFFIRM his conviction and sentence.